UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY D. DYKES,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C16-5649-MAT

ORDER RE: MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES

## INTRODUCTION

Plaintiff filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 32.) He seeks $7,491.98 in fees[1] and $13.75 in expenses. The Commissioner argues plaintiff is not entitled to EAJA fees because the Commissioner's position was "substantially justified." (Dkt. 33.) The Commissioner alternatively requests the Court find the fee request unreasonable and award a reduced amount. The Court, for the reasons set forth below, concludes plaintiff's motion should be GRANTED and plaintiff

---

[1] This amount includes the $7,196.79 in fees originally sought and an additional $295.19 in fees for 1.5 out of 2.0 hours spent preparing the reply in support of the motion. (*See* Dkt. 34 and Dkt. 34-1.)

ORDER
PAGE - 1

awarded the fees and expenses requested.

## DISCUSSION

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having secured a remand of this matter, plaintiff is the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Nor are there any special circumstances that would make an award unjust.

A.  Substantial Justification

The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotations omitted). While the government's position need not be correct, it must have "'reasonable basis in law and fact.'" *Id*. (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). "'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)).

In this case, the Court ordered a remand for further administrative proceedings upon concluding the Administrative Law Judge (ALJ) erred in assessing the opinions of examining physician Dr. Donna Johns, mental health practitioner Sue Gebhardt, and treating physician Dr. Daniel Beavers. The Court noted further consideration of these medical opinions on remand could implicate the assessment of plaintiff's symptom testimony, residual functional capacity (RFC), and the step five conclusion.

The Commissioner maintains the government's position with regard to Drs. Johns and

Beaver was substantially justified because "some evidence" supports it. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991). The Commissioner points to aspects of the ALJ's decision in which the Court found no error, such as the discounting of a Global Assessment of Functioning (GAF) score assigned by Dr. Johns and the ALJ's conclusion elsewhere in the decision to not assign value to any of the GAF scores in the record. (Dkt. 29 at 7.) As the Commissioner observes, the Court also found the ALJ properly considered inconsistency in plaintiff's presentation to Dr. Johns and Dr. Donald Ramsthel, and that Dr. Johns' report provided some support for the ALJ's conclusion Dr. Johns based her opinion on plaintiff's self-reports and presentation. (*Id*. at 8.) With respect to Dr. Beavers, the Court stated it "could be said" the ALJ reasonably interpreted the opinion as speculative and couched largely in equivocal terms, inconsistent with treatment notes, and relying in large part on plaintiff's self-reports, and that the ALJ accurately described GAF scores as not properly understood to represent a longitudinal picture of functioning over time. (*Id*. at 16.) The Commissioner construes the Court's Order as not identifying any error in relation to Gebhardt. (Dkt. 33 at 3, n.1 (citing Dkt. 29 at 13).)

In considering substantial justification, the Court first considers the underlying agency action, meaning the decision of the ALJ, and then considers the government's litigation position. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified.'" *Id.* (quoting *Thangaraja*, 428 F.3d at 874). Indeed, only in a "'decidedly unusual case'" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoted case omitted).

Where the government's underlying position was not substantially justified, the court

ORDER
PAGE - 3

"need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008)). Instead, "[b]ecause the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified." *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014). Also, in considering substantial justification, the Court looks only to whether the "'position *on the . . . issues that led to remand* was not substantially justified.'" *Id.* at 834-35 (rejecting district court's reliance on the fact that it found only one error and affirmed the remainder of the ALJ's conclusion as the rationale for finding substantial justification) (quoting *Flores v. Shalala*, 49 F.3d 562, 564 (9th Cir. 1995) (emphasis added)). *Accord Gardner v. Berryhill*, 856 F.3d 652, 656-57 (9th Cir. 2017) ("[T]he district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified[.]'"; noting the question was not whether other evidence could support a denial of benefits or whether a denial might ultimately be sustained, "[i]t was whether the actual decision that was made by the ALJ could be affirmed at that time by the district court in light of the new evidence in the record.")

The Commissioner here addresses aspects of the ALJ's assessment the Court did not find in error. The Commissioner fails to address the errors identified by the Court and resulting in the remand. For example, the Court found that, while there was some support for the ALJ's conclusion Dr. Johns relied on plaintiff's self-reports, Dr. Johns' report also reflected consideration of her own findings. (Dkt. 29 at 9.) Those findings included moderate impairment in day-to-day activities indicated by plaintiff's inability to engage in any sustained activities or use any persistent concentration, and numerous pertinent findings on mental status examination, including, but not limited to, "behavioral distraction with frequent inability to respond to questions regarding

ORDER
PAGE - 4

personal information and infrequent, hesitant eye contact" and "confused content of thought with evidence of moderate levels of hallucinations[.]" (*Id.*) Also, while elsewhere in the decision providing specific and legitimate reasons in relation to all GAF scores in the record, the ALJ erred in stating that Dr. Johns and Gebhardt "'explicitly'" based the GAF scores they assigned on factors irrelevant to the disability analysis. (*Id.* at 6-7 (discussing differences between Axis IV, psychosocial and environmental problems, and Axis V, the GAF scale, of the Multiaxial Assessment System; noting Dr. Johns did not provide any explanation for the GAF score) and at 13 (noting Gebhardt did not explicitly base her GAF score on irrelevant factors and could have based the score on her clinical observations or findings on examination, such as plaintiff's difficulty sitting in chair, impaired impulse control, cognition, and memory recall, impairment in intelligence, and concrete abstract abilities).) Further, despite some arguably unobjectionable criticisms of the opinions of Dr. Beaver, the ALJ's lengthy discussion of extra-record evidence at hearing regarding Dr. Beaver and failure to address that discussion in the decision "called into question" the ALJ's consideration of this opinion evidence and necessitated further consideration and clarification on remand. (*Id.* at 16.) Finally, all of the errors identified by the Court potentially implicated the remainder of the ALJ's decision.

The Court finds nothing in the Commissioner's opposition to the motion for EAJA fees to show the ALJ's findings with regard to the above-described errors were supported by substantial evidence. The underlying action was not substantially justified. *See*, *e.g.*, *Meier*, 727 F.3d at 872 (no substantial justification where ALJ failed to provide specific and legitimate reasons for rejecting physician's opinion and clear and convincing reasons for discounting plaintiff's credibility). Even though it need not be considered, the Court also finds an absence of substantial justification for the agency's litigation position. The Commissioner does not meet her burden of

demonstrating substantial justification as a basis for opposing EAJA fees.

B. <u>Reasonableness of Fees</u>

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Id*. at 434. The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable. *Atkins v. Apfel*, 154 F.3d 986, 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. However, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Commissioner avers plaintiff's fee request is unreasonable given the limited nature of his success. *See Hensley*, 461 U.S. at 436 (where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."); *Blair v. Colvin*, No. 13-35717, 2015 U.S. App. LEXIS 12992 at *4 (9th Cir. Jul. 27, 2015) (district court did not abuse its discretion by reducing fees based on limited success where plaintiff did not receive an award of benefits, as had been requested, and the court limited the scope of remand to reassessing several opinions regarding

ORDER
PAGE - 6

plaintiff's ability to handle workplace stress). The Commissioner asserts the Court found only two errors out of seventeen total errors alleged. The Commissioner argues this limited success justifies a reduction in the award "by 15/17", the proportion of issues on which plaintiff did not prevail, and an award of $846.68 in fees, and no additional fees associated with the motion under consideration. (Dkt. 33 at 4-5.)

Plaintiff, in fact, demonstrated error in relation to three medical opinions, necessitating reconsideration of those opinions and, as may be warranted, further consideration of plaintiff's symptom testimony, the RFC assessment, and the step five conclusion. Plaintiff received the exact relief requested, a remand for further proceedings. (*See* Dkt. 26 at 19, Dkt. 28 at 10, and Dkt. 29 at 29.)

A reduction in fees is not warranted based simply on the fact the Court did not find all of plaintiff's arguments persuasive. As explained in *Hensley*:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435 (internal citation omitted). Nor can it be said plaintiff "failed to prevail on a claim that is distinct in all respects from his successful claims," allowing for a determination that "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id*. at 440. As held by the Supreme Court in *Hensley*: "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee

ORDER
PAGE - 7

reduced simply because the district court did not adopt each contention raised." *Id*. The Court, for these reasons, finds no basis for the Commissioner's opposition to the reasonableness of the EAJA fee request.

The Commissioner does not identify any excessive, redundant, or otherwise unnecessary hours spent in relation to this case. Considering the complexity of the issues raised, the record, and the briefing submitted, the Court finds the request for 35.4 attorney hours and 4.1 paralegal hours reasonable. *See generally Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (while court may consider the fact many district courts have "noted that twenty to forty hours is the range most often requested and granted in social security cases", it may not "drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind."; determination of amount of time spent "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.") The Court, for these reasons, finds plaintiff entitled to the fees and expenses requested.

## CONCLUSION

Plaintiff's motion (Dkt. 32) is GRANTED. Plaintiff is entitled to an award $7,491.98 in EAJA fees and $13.75 in expenses. Subject to any offset allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of the award should be made to plaintiff's attorney. The Clerk shall send copies of this Order to the parties.

DATED this 26th day of March, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 8